# EXHIBIT B

5/11/2021 10:36 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53311317
By: Brittany Hall
Filed: 5/11/2021 10:36 AM

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA PEREZ-TORRES | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § § | HARRIS COUNTY, TEXAS |
| HOME DEPOT U.S.A., INC. | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Maria Perez-Torres ("Plaintiff"), and files this Original Petition complaining of and against Home Depot U.S.A., INC. ("Defendant"), and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

Plaintiff is a resident of Harris County, Texas.

Defendant is a Delaware corporation doing business in Texas and may be served with process by and through its Registered Agent for Service: Corporation Service Company d/b/a CSC-Lawyers Inco, <u>211 E. 7th Street Suite 620, Austin, Texas 78701</u>, or wherever it may be found. Service on Defendant is hereby requested at this time.

### III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTUAL BACKGROUND

On December 1, 2019, Maria Perez-Torres was shopping on the premises of Home Depot located at 6810 Gulf Freeway in Harris County, Texas. At the time of the incident, this store was owned, controlled, and/or operated by Defendant.

On the day of the incident, Maria Perez-Torres was pushing a cart through one of the aisles inside Home Depot when she noticed an employee approaching from the opposite direction. Said employee was pushing/pulling a cart carrying heavy inventory. Maria Perez-Torres stopped her cart to allow the Home Depot employee a safe path. Nevertheless, the Home Depot employee bumped Plaintiff's, causing her to suffer painful and serious bodily injuries as a result.

This incident could have been prevented if Home Depot's agents/servants, and or representatives would have kept a proper look out or should have warned its business invitees of the danger.

### V. NEGLIGENT ACTIVITY

On the occasion in question, Plaintiff was injured as a result of Defendant's negligent activity which was ongoing at the time Plaintiff was injured. Defendant and its employees owed a duty to Plaintiff to exercise reasonable care so as to ensure the safety and wellbeing of Defendant's customers. Specifically, Defendant's employees and Defendant breached the duty of reasonable care it owed Plaintiff by:

a. Failing to properly train their employees on properly operating store equipment, specifically the platform truck;
b. Defendant's employee's failure to exercise proper care to ensure that his pathway was clear while operating the platform truck so as to avoid hitting objects or customers;
c. Defendant's employees' failure to pay attention as would a person of ordinary prudence; and
d. Committing other negligent acts or omissions to be established at the time of trial.

At the time of the incident, Defendant's employee was operating the platform truck in the course and scope of his employment with Defendant. Defendant is legally responsible to Plaintiff for the negligent conduct of its employees under the legal doctrine of respondeat superior because said employee was at all times acting within the course and scope of such employment. As a result thereof, Defendant is vicariously liable for all negligence of its employee.

Each and all of the above and foregoing acts, both of commission and omission, singularly or in combination with others, constitute negligence, which proximately caused the Incident, the injuries sustained by Plaintiff, and damages pleaded.

## VI. PREMISES LIABILITY (HOME DEPOT U.S.A., INC.)

The incident made the basis of this lawsuit resulted from the improper conduct of Defendant, Home Depot U.S.A., Inc. At the time of the underlying incident, Plaintiff was an invitee on property possessed, owned, and operated by Defendant. While Plaintiff was an invitee on Defendant's property, Defendant's employee was negligent in failing to ensure that the path was clear before proceeding to his destination. Defendant failed to properly train their employees on operating store equipment. Defendant's employee knew or should have known that a customer and shopping cart was in the path of the platform truck. With proper lookout, Maria Perez-Torres' injuries could have been avoided. Defendant's breach of its duty was a proximate cause of the occurrence, injuries, and damages to Plaintiff now made the basis of this suit.

Defendant owed a duty to its invitees, such as Plaintiff, to exercise ordinary care to keep its premises in a reasonably safe condition. Defendant breached its duty of ordinary care to Plaintiff in one or more of the following particulars:

a. In creating the unreasonably dangerous condition through its agents or employees negligence;
b. In failing to verbally warn invitees, such as Plaintiff, of the use of the platform truck.
c. In failing to make the premises reasonably safe for invitees such as Plaintiff.

Each of the above acts and omissions, singularly or in combination, constituted negligence which proximately caused Plaintiff's fall and her resulting injuries and damages.

## VII. DAMAGES

Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, she has suffered physical pain, mental anguish and physical impairment, and in reasonable probability will continue to suffer physical pain, mental anguish and physical impairment into the future.

The injuries sustained by Plaintiff have required medical treatment in the past, and in reasonable probability will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

## VIII. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and

discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## IX. REQUIRED DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## X. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## XI. RULE 193.7 NOTICE

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, Plaintiff recover actual damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and

circumstances.

                                       Respectfully submitted,

                                       **LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

                                       6200 Gulf Freeway, Suite 410
                                       Houston, Texas 77023
                                       Telephone: (713) 349-1500
                                       Facsimile: (713) 432-7785

                                       ***/s/ Leena Joseph***

                                       Leena Joseph
                                       State Bar No.: 24084374
                                       ljoseph@millerweisbrod.com

                                       ATTORNEY FOR PLAINTIFF

5/11/2021 10:36:00 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 53311317
By: HALL, BRITTANY
Filed: 5/11/2021 10:36:00 AM

# Marilyn Burgess –Harris County District Clerk
## Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: Plaintiff Original Petition

FILE DATE: 05/11/2021  Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

**Issue Service to:** Home Depot U.S.A., Inc.
**Address of Service:** 211 E. 7th Street Suite 620
**City, State & Zip:** Austin, Texas 78701
**Agent (if applicable)** Corporation Service Company d/b/a CSC-Lawyers Inco

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ■ Citation
- ☐ Citation by Posting
- ☐ Citation by Publication Newspaper_____
- ☐ Citations Rule 106 Service
- ☐ Citation Scire Facias
- ☐ Temporary Restraining Order
- ☐ Precept
- ☐ Notice
- ☐ Protective Order
- ☐ Secretary of State Citation ($12.00)
- ☐ Capias (not an E-Issuance)
- ☐ Attachment
- ☐ Certiorari
- ☐ Highway Commission ($12.00)
- ☐ Commissioner of Insurance ($12.00)
- ☐ Hague Convention ($16.00)
- ☐ Garnishment
- ☐ Habeas Corpus
- ☐ Injunction
- ☐ Sequestration
- ☐ Subpoena
- ☐ Other (Please Describe)_____

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
- ☐ ATTORNEY PICK-UP (phone) _____
- ☐ CONSTABLE
- ☐ MAIL to attorney at:_____
- ☐ CERTIFIED MAIL by District Clerk    ■ E-Issuance by District Clerk (No Service Copy Fees Charged)
(Note:) CAPIAS is not an E-Issuance Option
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- ■ OTHER, *explain* please E-issue citation and email to ljoseph@millerweisbrod.com

**Issuance of Service Requested By:** Attorney/Party Name: Leena Joseph    Bar # or ID 24084374
Mailing Address: 6200 Gulf Freeway, Suite 410, Houston, Texas 77023
Phone Number: 713-349-1500

5/19/2021 3:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53610394
By: Devanshi Patel
Filed: 5/19/2021 3:31 PM

## **AFFIDAVIT OF SERVICE**

**State of Texas**  **County of Harris**  **127th Judicial District Court**

Case Number: 2021-28066

Plaintiff:
**MARIA PEREZ-TORRES**

vs.

Defendant:
**HOME DEPOT U.S.A INC.**

Received by STINNETT PROCESS, LLC on the 14th day of May, 2021 at 9:06 am to be served on **Home Depot U.S.A. Inc. (A Delaware Corporation) c/o R/A: Corporation Service Company d/b/a CSC Lawyers Inco, 211 East 7th Street, Suite 620, Austin, TX 78701**.

I, Barbara C. Stinnett, being duly sworn, depose and say that on the **17th day of May, 2021** at **11:25 am, I:**

Delivered a true copy of the **Citation Corporate, Plaintiff's Original Petition** with the date of service endorsed thereon by me, to **Home Depot U.S.A. Inc. (A Delaware Corporation) c/o R/A: Corporation Service Company d/b/a CSC Lawyers Inco**, by delivering to its designated agent, **Samantha Guerra**, at the address of **211 East 7th Street, Suite 620, Austin, TX 78701, Travis County,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

State of Texas, County of Travis

Subscribed and Sworn to before me on the 17 day of May, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

**Barbara C. Stinnett**
PSC-1181; Exp: 07/31/2022

**STINNETT PROCESS, LLC
15511 HWY 71 WEST
STE. 110-143
BEE CAVE, TX 78738
(512) 797-3399**

Our Job Serial Number: SNN-2021000956
Ref: 2021.05.559359

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

6/4/2021 1:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54111898
By: Devanshi Patel
Filed: 6/4/2021 1:22 PM

CAUSE NO. ▆▆▆▆▆▆▆

| | | |
|---|---|---|
| MARIA PEREZ-TORRES, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| *Defendant.* | § | 127TH JUDICIAL DISTRICT |

## DEFENDANT HOME DEPOT U.S.A., INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Defendant" herein) in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove her allegations by a preponderance of the evidence.

### II.
### AFFIRMATIVE DEFENSES

2. By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3. Defendant asserts the defense of unavoidable accident. The damages plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

4. Defendant asserts the doctrine of comparative causation, which may bar any recovery by

Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

5. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

6. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

7. Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

8. Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

9. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

10. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by

or on behalf of Plaintiff.

11. To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

12. Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

13. Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

14. Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

15. The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding

and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

16.     Defendant states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

17.     In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

### III.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Hawkins Parnell & Young, LLP

By:     /s/ *Amy Welborn*
**AMY WELBORN**
State Bar No. 24012853
awelborn@hpylaw.com
**TROY D. HELLING**
State Bar No. 24007340
thelling@hpylaw.com
**TAYLOR R. YETTER**
State Bar No. 24102672
tyetter@hpylaw.com

2705 Bee Caves Road, Suite 220
Austin, Texas 78746
(512) 687-6900
(512) 687-6990 (Fax)
    -AND-
4514 Cole Ave., Suite 500
Dallas, TX  75205
(214) 780-5100
(214) 780-5200 (Fax)

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 4th day of June, 2021.

Leena Joseph
ljoseph@millerweisbrod.com
Law Offices of Domingo Garcia, L.L.P.
6200 Gulf Freeway, Suite 410
Houston, Texas 77023